UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

SHANELLE JENKINS,

  Plaintiff,

  v.                                          No. 4:23-cv-01207-P

OFFICER MICHAEL TAHMAHKERA,
ET AL.,

  Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court are Defendants' Motions to Dismiss. ECF Nos. 8, 11, 26, 29, 32. Having considered the Motions, briefs, and applicable law, the Court concludes the Motions should be and are hereby **GRANTED**.

## BACKGROUND

Plaintiff Shanelle Jenkins brought this wrongful death suit on behalf of her deceased husband, Robert Miller, seeking damages and equitable relief under 42 U.S.C. § 1983. Plaintiff alleges the Defendants, Michael Tahmahkera, Jordan Beene, Jason Wheeler, E. Kautz, S. James, Michael Swan, Nicholas Bernal, BJ Odonnell, Sharon Singleton, and Sheldon Kelsey each contributed to the wrongful death of Mr. Miller.

On July 31, 2019, police arrested Mr. Miller, a homeless man, for eight outstanding warrants. At Tarrant County Jail, officers used force against Mr. Miller and placed him in restraints. While in restraints, an officer used OC spray (also known as "pepper spray") on Mr. Miller. The OC spray caused Mr. Miller to experience difficulty breathing. Two nurse Defendants (O'Donnell & Singleton) tended to Mr. Miller and allegedly failed to provide necessary medical treatment. At some point, his heart stopped, and paramedics resuscitated him. However, on August 4, 2019, Mr. Miller died in the hospital.

Plaintiff learned of Mr. Miller's death "several days later." But it was not until almost two years later, on July 30, 2021, that Plaintiff sued Tarrant County (the "first lawsuit"). Then, on August 12, 2021, Plaintiff submitted public records requests to the Texas Department of Public Safety ("TxDPS"), the agency in charge of investigating deaths while in police custody. After receiving no information, Plaintiff amended her complaint to join TxDPS. On November 30, 2021, Plaintiff learned the officers used OC spray on Mr. Miller. Then, on February 11, 2022, all federal-law claims were dismissed for lack of jurisdiction. On April 13, 2022, TxDPS released a report detailing a full investigation of the incident, and on July 8, 2022, the court denied Plaintiff's motion for relief from judgment.

Now, almost two years after filing the first lawsuit and over four years after Mr. Miller's death, Plaintiff sues a new troupe of Defendants. Each of the nine served Defendants have filed Motions to Dismiss, which are ripe for the Court's review.

## LEGAL STANDARD

Rule 12(b)(6) allows defendants to move to dismiss an action if the Plaintiff fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). In evaluating Rule 12(b)(6) motions, courts accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff. *See Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986)). "Further, 'all questions of fact and any ambiguities in the controlling substantive law must be resolved in the Plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)). However, courts are not bound to accept as true legal conclusions couched as factual allegations. *See In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The well-pleaded facts must permit the court to infer more than the mere possibility of misconduct. *See Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint must allege enough facts to move the claim across the line from conceivable to plausible. *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007)). Determining whether the plausibility standard has been met is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 663–64).

# ANALYSIS

All nine Defendants have moved to dismiss Plaintiff's claims in five separate Motions to Dismiss. *See* ECF Nos. 8, 11, 26, 29, 32. Defendant Tahmahkera (ECF No. 32) asks the Court to dismiss Plaintiff's claims as time-barred by the applicable statute of limitations. Defendants Beene and Kelsey (ECF No. 8), as well as Defendants O'Donnell and Singleton (ECF No. 26), move to dismiss because Plaintiff's claims are (1) barred by the statute of limitations, and (2) Defendants are entitled to qualified immunity. Defendant Swan (ECF No. 11) and Defendants Wheeler, Kautz, and James (ECF No. 29) ask the Court to dismiss because (1) Plaintiffs claims are barred by the statute of limitations, (2) Defendants are entitled to qualified immunity, and (3) Plaintiff fails to state a claim against them under Rule 12(b)(6). All Defendants argue that Plaintiff's claims are time-barred for the same reasons. Having considered the Motions, the Court agrees.

## A. Statute of Limitations Accrual Date

"[A] complaint may be subject to dismissal if its allegations affirmatively demonstrate that the Plaintiff's claims are barred by the statute of limitations and fail to raise some basis for tolling." *Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)). A court should grant a motion to dismiss when it is evident on the face of the pleadings that the action is time-barred. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 367 (5th Cir. 2003) (citing *Kansa Reinsurance v. Cong. Mortg. Corp.*, 20 F.3d 1362, 1366–70 (5th Cir. 1994)).

Federal courts look to state statutes of limitations for personal-injury torts under § 1983. *Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018) (citing *Wallace v. Kato*, 549 U.S. 384, 397 (2007)). "In Texas, the applicable limitations period is two years." *Id.* (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a)) ("A person must bring suit not later than

two years after the day the cause of action accrues in an action for injury resulting in death."). However, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Id.*

Under federal law, "[t]he limitations period begins to run when the Plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Stringer v. Town of Jonesboro*, 986 F.3d 502, 510 (5th Cir. 2021) (quoting *Redburn v. City of Victoria*, 898 F.3d 486,496 (5th Cir. 2018)). Furthermore, "[a] Plaintiff need not realize that a legal cause of action exists; a Plaintiff need only know the facts that would support a claim." *Id.* "[A]wareness for accrual purposes does *not* mean actual knowledge; rather, all that must be shown is the existence of circumstance that would lead a reasonable person to investigate further." *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 762 (5th Cir. 2015) (cleaned up).

Plaintiff alleges the use of force that caused Mr. Miller's death occurred on July 31, 2019, and Mr. Miller died on August 1, 2019. ECF No. 1 at 6, 31. Plaintiff further alleges that she learned of Mr. Miller's death "several days" after his death on August 1, 2019. *Id.* at 32. Taking Plaintiff's assertions as true, the Court concludes that—at the latest— Plaintiff's cause of action accrued "several days" after Mr. Miller's death on August 1, 2019. That is over four years and ten months ago—well past the two-year statute of limitations.

In wrongful death suits, the cause of action often accrues at the time of death. *See McElvy v. SW. Corr., LLC*, No. 3:19-CV-1264-N, 2022 WL 3567182, at *2 (N.D. Tex. Aug. 17, 2022) (Godbey, J.). And "[w]hen a plaintiff in a civil rights action[] knows or has reason to know of an injury and the cause of that injury—such as arrest by police officers that he believes to be wrongful or use of force by prison guards that he believes to be excessive—the limitations period begins, and he acquires a duty to fully investigate his claims." *Id.* at *7. Here, Plaintiff learned of Mr. Miller's death several days after August 1, 2024. Even if Plaintiff did "did not know that she has a legal cause of action," Plaintiff's awareness of Mr. Miller's death in police custody "would lead a reasonable person to investigate further." *See Piotrowski v. City of*

*Hous.*, 237 F.3d 567, 576 (5th Cir. 2001). But, Plaintiff clearly believed she had a cause of action arising out of Mr. Miller's death, as she filed her first lawsuit "on July 30, 2021, the eve of the expiration of the two-year statute of limitations." *Jenkins v. Tarrant Cnty. Sheriff's Off.*, No. 4:21-cv-910-O, 2022 WL 3012583, at *1 (N.D. Tex. July 8, 2022) (O'Connor, J.).

Plaintiff nonetheless argues that her cause of action accrued "no earlier than November 30, 2021," when she read a New York Times article about Mr. Miller's death. ECF No. 22 at 20. Plaintiff alleges that it was only upon reading the article that she "had reason to investigate a causal connection between Defendants' actions and the deprivations of constitutional rights." *Id.* Additionally, Plaintiff argues the claims against the two nurse Defendants accrued on April 13, 2022, when TxDPS released its report. ECF No. 37 at 19. Plaintiff cites one case within the Fifth Circuit to support these conclusions—*Doe 1 v. Baylor*. *See* 240 F. Supp. 3d 646, 664 (W.D. Tex. 2017) (Pitman, J.); ECF No. 37 at 21. In *Baylor*, multiple students brought Title IX claims against Baylor University, alleging that the school was deliberately indifferent to their reported sexual assaults. *Doe 1*, 240 F. Supp. 3d at 664. The court held that the plaintiffs' claims did not accrue on the date of the assaults, but when they were alerted via media investigation that their assaults were connected to Baylor's institutional failure. *See id.* at 663.

Plaintiff takes *Baylor* to mean that she did not have reason to know "the existence of circumstance that would lead a reasonable person to investigate further" until the New York Times article was published on November 30, 2021, and the TxDPS report was published on April 13, 2022. *King-White*, 803 F.3d at 762; *see* ECF No. 22 at 20; ECF No. 37 at 19. However, the fact that Plaintiff sued the Tarrant County Sherriff's Office in her first lawsuit distinguishes her case from *Baylor*. While in *Baylor*, the plaintiffs learned of Baylor's causal connection to the injury from media reports, Plaintiff here was aware of, and had reason to investigate, the causal connection between Defendants and Mr. Miller's death. Without such a connection, she would have had no basis to sue. In fact, Plaintiff would have had reason to investigate (and should have conducted an investigation) *well before* filing her first lawsuit, as any

party or attorney who files a pleading with the court certifies "the factual contentions have evidentiary support." FED. R. CIV. P. 11(b)(3); *see also* MODEL RULES OF PRO. CONDUCT r. 3.1 (AM. BAR ASS'N 2024) ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous."). The fact Plaintiff filed her first lawsuit against the Sheriff's Office belies her argument that she did not have knowledge of circumstances that would lead a reasonable person to investigate further.

This conclusion is consistent with Judge O'Connor's holding in Plaintiff's first lawsuit and the Fifth Circuit's opinion affirming that holding. As Judge O'Connor observed, Plaintiff's claims accrued on or about July 31, 2019. *See Jenkins*, 2022 WL 3012583, at *1 (N.D. Tex. July 8, 2022) (O'Connor, J.) ("[Plaintiff] waited until July 30, 2021, the eve of the expiration of the two-year limitations period, to file her Original Complaint."). And when Plaintiff attempted to join the same nine Defendants in this case, Judge O'Connor explained that Plaintiff's claims against these Defendants were time-barred. *See id.* at *3 ("[Plaintiff] simply seeks leave to sue other defendants (against whom limitations has run)."). On appeal, the Fifth Circuit held that Plaintiff's two-year delay in beginning her investigation demonstrated a lack of diligence. *Jenkins v. Tarrant Cnty. Sheriff's Off.*, No. 22-10244, 2023 WL 5665774, at *2 (5th Cir. Sept. 1, 2023) ("[G]iven that Jenkins waited two years before beginning her investigation, she did not exercise due diligence."). Thus, the Court concludes that upon learning of Mr. Miller's death in police custody "several days" after August 1, 2019, Plaintiff had knowledge of circumstances that would lead a reasonable person to investigate further. Her delay in doing so does not delay the accrual date of her cause of action. Accordingly, Plaintiff's claims are time-barred.

**B. Tolling Provisions**

Plaintiff alternatively argues that the statute of limitations should be equitably tolled. *See* ECF No. 22 at 21. "When a federal cause of action borrows a state statute of limitations, coordinate tolling rules are usually borrowed as well." *King-White*, 803 F.3d at 764 (quotation omitted). Thus, "state equitable tolling principles control in § 1983

6

cases." *Id.* (citing *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998)). This includes tolling based on fraudulent concealment and the discovery rule. *See id.*

The discovery rule is unhelpful to Plaintiff in this case. Although this Court applies the federal accrual standard, under Texas law, a cause of action for wrongful death accrues "on the death of the injured person." TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(b). But for causes of action using the Texas accrual standard, the discovery rule provides a "very limited exception to statutes of limitations." *King-White*, 803 F.3d at 764 (citing *Computer Assocs. Int'l, Inc. v. Altai, Inc.,* 918 S.W.2d 453, 455 (Tex. 1996)). The judicially-crafted discovery rule "defers accrual of the cause of action if the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable." *Id.* In such a circumstance, "the cause of action does not accrue until the plaintiff knows or reasonably should have known of the injury." *Id.* Thus, the Texas discovery rule is essentially the federal accrual standard discussed above. *See id.* ("[T]he accrual rule applicable to the claims in this case is, essentially, a 'discovery' rule."). Accordingly, even if the nature of the injury here was inherently undiscoverable (it is not), the discovery rule will not toll the statute of limitations because Plaintiff knew of the injury several days after Mr. Miller's death and had reason to investigate.

Plaintiff's fraudulent concealment argument is equally unavailing. Plaintiff alleges that Tarrant County and TxDPS—the defendants in the first lawsuit—concealed relevant information about Mr. Miller's death and the identities of Defendants. *See* ECF No. 1 at 37–38. In Texas, the fraudulent concealment doctrine estoppes defendants from using a statute of limitations defense when those defendants were "under a duty to make disclosure but fraudulently conceal[ed] the existence of a cause of action from the party to whom it belongs." *King-White*, 803 F.3d at 764 (citing *Borderlon v. Peck,* 661 S.W.2d 907, 908 (Tex.1983)). Notably, however, Plaintiff does not contend that any present defendants were obliged to disclose anything, or even that any defendants fraudulently concealed information. *See* ECF No. 1. Plaintiff's allegations relate only to Tarrant County and TxDPS, which are not parties to this suit. *See id.*

at 37–38. And fraudulent concealment "requires evidence that *the defendant* actually knew the plaintiff was, in fact, wronged, and concealed that fact to deceive the plaintiff." *Earle v. Ratliff*, 998 S.W.2d 882, 888 (Tex. 1999) (emphasis added); *see also In re Amazon.com Services, LLC*, 03-23-00634-CV, 2023 WL 8791266, at *5 (Tex. App.—Austin Dec. 20, 2023, no pet.) (mem. op.) (holding fraudulent concealment allegations against the defendant were insufficient because they were premised on the alleged conduct of other persons). Thus, because Plaintiff has not alleged that Defendants engaged in the coverup, the fraudulent concealment doctrine will not toll Plaintiff's statute of limitations. And in any event, as Plaintiff points out in her Complaint, Judge O'Connor rejected Plaintiff's contention that the County "intentionally withheld information." ECF No. 1 at 40.

And to the extent Plaintiff argues that anyone fraudulently concealed the identities of Defendants in this case, such an argument is easily rejected. "Under Texas law, fraudulent concealment that tolls limitations pertains to concealment of a cause of action, not concealment by a defendant of his identity." *Cox v. City of Ft. Worth, Tex.*, 762 F. Supp. 2d 926, 936–37 (N.D. Tex. 2010) (McBryde, J.).

Finally, the Court notes that equitable tolling, in general, "is appropriate when, despite all due diligence, a Plaintiff is unable to discover essential information bearing on the existence of the claim." *Fisher v. Johnson*, 174 F.3d 710, 715 n.14 (5th Cir. 1999). Equitable tolling does not apply when the late filing is due to the claimants' failure to exercise due diligence in preserving their legal rights." *Hand v. Stevens Transp., Inc. Emp. Benefit Plan*, 83 S.W.3d 286, 294 (Tex. App.—Dallas 2002, no pet.). Here, Plaintiff waited two years to file her first lawsuit and began issuing public information requests only *after* filing—over two years after Mr. Miller's death. *See* ECF No. 1 at 37; ECF No. 22 at 22. On top of that, the Fifth Circuit made clear in Plaintiff's appeal that she "did *not* exercise due diligence." *Jenkins v. Tarrant Cnty. Sheriff's Off.*, No. 22-10244, 2022 WL 5665774 (5th Cir. Sep. 1, 2023) (emphasis added). Thus, equitable tolling is not appropriate.

## C. Leave to Amend

Under FED. R. CIV. P. 15(a), leave to amend should be freely given when justice so requires. *Forman v. Davis*, 371 U.S. 178, 183 (1962). While courts have "a bias in favor of granting leave to amend," *Martin's Herend Imps., Inc. v. Diamond & Gem. Trading U.S. Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999), it is within a court's discretion to deny leave to amend if doing so would be futile. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000). Here, the statute of limitations bars the claims, and Plaintiff cannot turn back the clock. Thus, it would be futile to grant leave to amend. *See Winzer v. Kaufman Cnty.*, 916 F.3d 464, 471 (5th Cir. 2019) (holding that the district court did not abuse its discretion in denying leave to amend claims barred by the statute of limitations). Consequently, Plaintiff's request for leave to amend is **DENIED**.

## CONCLUSION

For the reasons above, the Court **GRANTS** Defendants' Motions to Dismiss. ECF Nos. 8, 11, 26, 29, & 32. Consequently, Plaintiff's claims are **DISMISSED with prejudice**, and Plaintiff's Motion for Leave to Amend is **DENIED**.

**SO ORDERED** on this **9th day of July 2024.**

Mark T. Pittman
UNITED STATED DISTRICT JUDGE